IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ROY MOSES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 22-3385 |
| JAMIE SORBER, et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this      day of           , 2023, upon consideration of Defendants Jamie Sorber, Mandy Sipple, Britney Huner, and the Pennsylvania Department of Corrections' Motion to Dismiss the Complaint, it is hereby ORDERED that the Motion is GRANTED. The Complaint is hereby dismissed as to Jamie Sorber, Mandy Sipple, Britney Huner, and the Pennsylvania Department of Corrections.

BY THE COURT:

_____
Baylson, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ROY MOSES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 22-3385 |
| JAMIE SORBER, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants Jamie Sorber, Mandy Sipple, Britney Huner, and the Pennsylvania Department of Corrections (collectively "Commonwealth Defendants"), pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), hereby request that the Complaint be dismissed as against them for the reasons described in the attached Memorandum of Law. Wherefore, Commonwealth Defendants request that the Complaint be dismissed as against them.

                                              MICHELLE A. HENRY
                                              Acting Attorney General

                            By:    /s/ Jeffrey Mozdziock

                                              JEFFREY MOZDZIOCK
Office of Attorney General                 Deputy Attorney General
The Phoenix                                     Attorney I.D. No. 320543
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404                    KAREN M. ROMANO
Fax:    (717) 772-4526                     Chief Deputy Attorney General
                                                      Civil Litigation Section

Date:  January 23, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ROY MOSES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 22-3385 |
| JAMIE SORBER, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**I.      INTRODUCTION**

Plaintiff Joshua Moses, currently incarcerated in State Correctional Institution ("SCI") – Phoenix, brings this pro se civil rights action pursuant to 42 U.S.C §1983 against Jamie Sorber, Mandy Sipple, Britney Huner, and the Pennsylvania Department of Corrections (collectively "Commonwealth Defendants"). Plaintiff alleges that, during his period of incarceration at SCI-Phoenix, Defendants failed to provide him with proper medical care for a bowel obstruction. Because the Pennsylvania Department of Corrections ("PA DOC") is entitled to Eleventh Amendment immunity and because the PA DOC is not a person subject to suit under Section 1983, the claims against it fail. As to the individual Commonwealth Defendants, the Complaint fails to establish their personal involvement in his medical care. Rather, his claims are centered on the fact that they denied his grievances. Because merely denying a grievance does not rise to the level of a constitutional violation, the claims are denied. Even under the more liberal construction afforded pro se litigants, see Atun El v. U.S., C.A. No. 13-3970, 2014 WL 1281230,

3

at *1 (E.D. Pa. March 31, 2014), citing Haines v. Kerner, 404 U.S. 519 (1972), the Complaint should be dismissed.

## II. ARGUMENT

### A. Standard on a Motion to Dismiss

**Rule 12(b)(1), Lack of Jurisdiction**

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir. 1996), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." Tagayun v. Stolzenberg, 239 Fed. Appx. 708, 710 (3d Cir. 2007). See McCurdy v. Esmonde, C.A. No. 02-4614, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003).

**Rule 12(b)(6), Failure to State a Claim**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). The Supreme Court in Iqbal clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'" Iqbal, 556 U.S. at 684. The Court explained that although a court must accept as true all the well-pleaded factual allegations, that requirement does not apply to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 684;

Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir.2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

**B.      Summary of Alleged Facts**

On November 22, 2021, Plaintiff was transferred to SCI Phoenix. Complaint, ¶ 92. Upon arrival, Plaintiff's GERD medication, abdominal binder, and cane were confiscated. Id. Two days later, Plaintiff submitted a request to staff to Britney Huner, the Corrections Health Care Administrator at SCI Phoenix, concerning the confiscation. Id., ¶ 93. An M. Savage responded to that request. Id., ¶ 94. On December 6, 2021, Plaintiff met with Dr. Robinson regarding his gastrointestinal issues. Id., ¶ 97. Plaintiff filed grievances regarding his medical care and requested to be seen by an outside physician. Id., ¶ 103. Sipple responded to his grievance. Id., ¶ 105. Before responding, Sipple reviewed Plaintiff's medical file and noted that Plaintiff had seen a nurse practitioner, and was prescribed Mylanta for his issues. Exhibit 16-A (ECF No. 1, p. 87). Sorber responded to Plaintiff's grievance appeals. Exhibit 16-C. On June 10, 2022, Plaintiff sent another request to Huner regarding an unsatisfactory sick call encounter. Id., ¶ 164. Again, Savage responded. Id.

Plaintiff brings the following four claims:

- Count I - Eighth Amendment Deliberate Indifference to His Medical Care (Id., ¶¶ 178-193) against Huner, Sipple, and Sorber.
- Count II – A Claim against the PA DOC
- Count III – Medical Malpractice against Huner
- Count IV – Negligent Infliction of Emotion Distress against Huner, Sipple, and Sorber

**C.      The Pennsylvania Department of Corrections is Entitled to Eleventh Amendment Immunity**

5

It has been long established that the Eleventh Amendment of the United States Constitution bars all private lawsuits against non-consenting states in federal court. Karns v. Shanahan, 879 F.3d 504, 512 (3d Cir. 2018) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). Eleventh Amendment immunity "is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" Id. (quoting Alden v. Maine, 527 U.S. 706, 757 (1999)). This immunity bars suits against the states and state agencies "regardless of the relief sought." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

Eleventh Amendment immunity can be waived in two ways. First, the state may voluntarily submit to federal jurisdiction. However, Pennsylvania has expressly withheld its consent to be sued. Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (citing 42 Pa. C.S. § 8521(b)). Second, Congress can, in certain circumstances, abrogate the states' immunity. However, Congress has not done so in enacting 42 U.S.C. § 1983. Will, 491 U.S. at 66.

The alleged civil rights violation identified by the Complaint would be potentially actionable via 42 U.S.C. § 1983 ("Section 1983"). See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (Section 1983 provides "a method for vindicating federal rights elsewhere conferred"). But any claim in federal court under Section 1983 against SCI Phoenix Medical Department is barred by Eleventh Amendment immunity. Suits purporting to name the Commonwealth or any agency thereof as a defendant in such cases are regularly and properly dismissed for lack of subject matter jurisdiction. See Scheib v. Pa., 612 Fed. Appx. 56, 58 (3d Cir. 2015); Warner v. Pa., 569 Fed. Appx. 70, 72 (3d Cir. 2014); Bryant v. Cherna, 520 Fed. Appx. 55, 57 (3d Cir. 2013). The same is true for suits against the Pennsylvania Board of Probation and Parole, which is an arm of the Commonwealth. See Malcomb v. Beaver Cty. Penn. (Prothonotary), 616 Fed.

6

Appx. 44, 45 (3d Cir. 2015); Spuck v. Pa. Bd. of Prob. & Parole, 563 Fed. Appx. 156, 158 (3d Cir. 2014). Here, the Court should dismiss all claims against the PA DOC for lack of subject matter jurisdiction pursuant to Eleventh Amendment immunity.

### D.     The PA DOC is Not a "Person" Subject to Suit Under § 1983

Section 1983 authorizes suit only against a "person" who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. And because "neither a State nor its officials acting in their official capacities are 'persons' under Section 1983," the statute by its own terms does not provide any cause of action against the Commonwealth. Will, 491 U.S. at 71. The same is true for the DOC. Under Section 1983, Plaintiff can only sue a "person" who has allegedly deprived him of a federal right under the color of state law. He has not done so here. His claim against the PA DOC should be dismissed for failure to state a claim.

### E.     Complaint Fails to Allege Facts Supporting Huner, Sipple, and Sorber's Personal Involvement in Plaintiff's medical care

Plaintiff sues Huner, Sipple, and Sorber because as CHCA, Deputy Superintendent, and Superintendent, respectively, they have some administrative responsibility for health care at SCI-Phoenix and because he sent a request to staff member, although they have no control over or involvement in medical decisions or over the medical personnel employed by the independent medical provider that treats inmates. Because it is not alleged they had personal involvement in the alleged inadequate medical services, the § 1983 claims against Huner, Sipple, and Sorber fail.

A defendant in a civil rights action must have personal involvement in the alleged wrongs. Personal involvement can be shown through proof of personal direction or of actual knowledge and acquiescence in the alleged constitutional violation. Rode v. Dellarciprete, 845

7

F.2d 1195, 1207 (3d Cir. 1988); Evancho v. Fisher, 423 F. 3d. 347, 353 (3d Cir.2005) (dismissing complaint that hypothesized Attorney General was personally involved solely on his position as head of the office); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Gary v. PA Dep't of Labor & Indus., C.A. No. 13-2540, 2014 WL 2720805, at *3 (M.D. Pa. June 13, 2014).

Demonstrating personal involvement requires well-pleaded factual allegations showing personal direction or actual knowledge and acquiescence of the alleged constitutional violation by each defendant. Evancho, 423 F.3d at 353. Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-94 (3d Cir. 1997), abrogated on other grounds, Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). A prison official's "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Keeper v. King, 130 F.3d 1309, 1314 (8th Cir.1997); Redding v. Hanlon, C.A. No. 06-4575, 2008 WL 762078, at * 10 (D. Minn. March 19, 2008).

An employee's status as the prison CHCA is not sufficient to establish personal involvement in the inmate's healthcare decisions or treatment or give him control over medical professionals. A CHCA is considered a non-medical official for purposes of this analysis. Brown v. Wetzel, C.A. No. 13-5469, 2014 WL 5493244, at *3 (E.D. Pa. Oct. 29, 2014) (allegation that healthcare administrator was "legally responsible for . . . medical operation and treatment of all inmates for the prison" was not sufficient to state personal involvement); Robinson v. Prison Health Servs., C.A. No. 10-7165, 2014 WL 2452132, at *6 (E.D. Pa. June 2, 2014) (dismissing claims against CHCA for lack of personal involvement in inmate's medical care).

8

The Complaint does not allege any discernible facts to hold Huner, Sipple, or Sorber personally liable under § 1983. There are no factual allegations that Huner had actual, contemporaneous knowledge of and acquiesced in the alleged inadequate medical care. The Complaint names Huner only because she is the prison CHCA, plaintiff submitted a request slip to her. Plaintiff only names Sipple and Sorber because they denied Plaintiff's grievances.

Assuming arguendo that Plaintiff submitted a request slip to a DOC office over which Huner has administrative control, this does not imply that Huner herself ever received the request slip, knew its contents, or had any knowledge of plaintiff's medical or work-related. Furthermore, it was clear that an M. Savage responded, not Huner. *See* Complaint, ¶¶ 94, 164. The Complaint does not allege that Huner ever received, had knowledge of, or responded to the request slip. Even had the request slip arrived in Huner's office, merely because a subordinate in his office may have processed the request slip, does not suggest that Huner had actual and contemporaneous knowledge about it. Even if a subordinate employee processed the request, as there is no supervisory liability in § 1983 claims, Huner may not be held personally liable for the knowledge and/or actions of his subordinates. Civil rights liability cannot be predicated on the operation of respondeat superior. Id., at 677 (rejecting plaintiff's claim that supervisor's mere knowledge of subordinate's discriminatory purpose or action amounts to the supervisor's violating the Constitution. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Durmer, 991 F.2d at 69. Rode, 845 F.2d at 1207-1208; Gary, 2014 WL 2720805, at *3. Merely because it may be vaguely alleged that the CHCA had legal responsibility for prison medical operation and treatment does not suffice to state personal involvement.

**F.      Merely Denying a Grievance Does Not Implicate Any Constitutional Right**

To the extent plaintiff alleges that Sipple and Sorber violated his constitutional rights by denying his inmate grievance, the claim would fail.

Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751, 761 (E.D.Pa.2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 Fed.Appx. 414, 415 (3d Cir.2005). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F.Supp. 410, 418–419 (D.Del.), aff'd 74 F.3d 1226 (3d Cir.1995). "The failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, C.A. No. 99-1511, 1999 WL 305240, at *2, (E.D.Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994)). Therefore, a Plaintiff cannot maintain a constitutional claim for his grievance being denied. Rivera v. Chester Cty., C.A. No. 15-5609, 2017 WL 1150622, at *26 (E.D.Pa. Mar. 28, 2017). To the extent Sipple and Sorber are sued for rejecting his grievance, the claim should be dismissed.

**G.      Plaintiff Cannot State an Eighth Amendment claim against Commonwealth Defendants**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). See Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a cognizable Eighth Amendment claim, a prisoner must allege: (i) a serious medical need;[1] and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

---

[1] For present purposes, defendant assumes arguendo that plaintiff had a serious medical need.

10

Estelle, 429 U.S. at 103. See Navolio v. Lawrence Co., 406 Fed. Appx. 619, 622 (3d Cir. 2011); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir.2003).

To establish deliberate indifference, plaintiff must make (1) a subjective showing that the defendant acted with a sufficiently culpable state of mind and (2) an objective showing that the deprivation was "sufficiently serious." Estelle, 429 U.S. at 106; Mitchell v. Gershen, 466 Fed. Appx. 84, 86 (3d Cir. 2011); Thomas v. Dragovich, 142 Fed. Appx. 33, 36 (3d Cir. 2005). The Complaint must allege that "the official knows of and disregards an excessive risk to inmate health or safety," meaning that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 836-37. See Vargas v. City of Phila., 783 F. 3d 962, 973-74 (3d Cir.2015). As a matter of law, claims of "negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse, 182 F.3d at 197. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979). Where a prisoner has received medical care and only the adequacy of the treatment is disputed, courts are reluctant to second guess professional medical judgment. Id. See U.S. ex rel Walker v. Fayette Cty., 599 F. 2d 573, 575 n. 2 (3d Cir.1979).

The Third Circuit recognizes a distinction between non-medical prison officials and medical personnel for claims involving indifference to an inmate's health care; for non-medical officials, a complaint must allege actual or constructive knowledge by prison officials that the

11

prison doctors or their assistants mistreated or failed to treat plaintiff.[2] Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004); Durmer, 991 F.2d at 69. In Spruill, 372 F.3d at 236, and Durmer, 991 F.2d at 69, the Circuit sustained the dismissal of non-medical corrections defendants but reversed the dismissal of health care defendants in the context of claims asserting that both categories of defendants had been deliberately indifferent to the inmate's health care needs. As the Court explained in Spruill:

> If a prisoner is under the care of medical experts ..., a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability.

Spruill, 372 F.3d at 236. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. See Durmer, 991 F.2d at 69. In other words, a prison official "cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

---

[2] Ms. Huner, the prison CHCA, is considered a non-medical official for these purposes, and thus is "justified in believing that the prisoner [was] in capable hands" when under the care of the prison's medical staff. Culver v. Specter, C.A. No. 11-2205, 2013 WL 5488649, at *4 (M.D. Pa. Sept. 30, 2013) (quoting Spruill, 372 F.3d at 236). See Davis v. Prison Health Servs., Inc., 558 Fed. Appx. 145, 150 (3d Cir. 2014) (finding CHCA to be a non-medical official). See also Thomas, 142 Fed. Appx. at 37 (distinguishing between role of prison healthcare administrator and medical staff for purposes of analysis under Spruill).

It is not the CHCA's role to order or supervise medical treatments or prescribe medication. Instead, the CHCA acts in a "management capacity," overseeing administration of the health and dental departments of the prison, nursing staff, and independent contractors. See Popovich v. Lamas, C.A. No. 13-1528, 2014 WL 939508, at *3 (M.D. Pa. March 11, 2014); Josey v. Beard, C.A. No. 06-265, 2009 WL 1858250, at *7 & n.9 (W. D. Pa. June 29, 2009).

The inmate's subjective disagreement with a medical professional's treatment does not state a constitutional claim. Spruill, 372 F.3d at 235 (deliberate indifference exists only when an inmate's pain is being ignored, not when it is being treated in a manner that the inmate believes is inadequate). See Richardson v. Folino, C.A. No. 12-87, 2012 WL 6552916, at *16 (W. D. Pa. Dec. 14, 2012) (plaintiff's disagreement with physician's medical decision does not state a deliberate indifference claim); Molley v. CFG Health Systems, C.A. No. 10-5266, 2012 WL 1134817, at *4 (D.N.J. April 3, 2012) (doctor's denial of inmate's request for a walking cane shows that "concerns were timely addressed," even if not to inmate's satisfaction). In other words, where a prisoner receives medical care but simply objects to his treatment, he has failed to state a deliberate indifference claim. Coudriet v. Vardaro, 545 Fed. Appx. 99, 104 (3d Cir. 2013) (affirming dismissal of complaint).

Here, Spruill controls and requires dismissal of any Eighth Amendment claim against Huner, Sipple, and Sorber because the Complaint fails to allege they had actual or constructive knowledge that prison doctors or their assistants mistreated or failed to treat plaintiff. Plaintiff's objections to his treatment raise an issue between plaintiff and the medical providers, and there is no allegation that they had knowledge of or interfered with the treatment. While plaintiff complains there were delays in treatment, these complaints relate to the actions of the medical professionals employed by the independent medical contractor; they may not redound or be

13

imputed to Commonwealth Defendants. From their perspective, they were justified in believing that plaintiff was in the "capable hands" of those professionals because a review of Plaintiff's file demonstrated that Plaintiff was being seen and treated by medical professionals. See Spruill, 372 F.3d at 236. While plaintiff did file request slips[3] and grievances complaining about the quality of his care, those notices do not make Commonwealth Defendants responsible for decisions of the medical professionals. See McCluskey, 505 Fed. Appx. at 203-04.

Commonwealth Defendants are not qualified to second-guess medical treatment decisions; they must defer to the medical professionals' judgment in determining plaintiff's appropriate treatment and is not responsible for delays or omissions in treatment. Plaintiff acknowledges he was under the care of a doctor and nurse and does not allege that Commonwealth Defendants provided medical care or participated in making medical decisions. As in Spruill, where a prisoner is under the care of medical experts, nonmedical prison officials are justified in believing that the prisoner is in capable hands. Further, the vague and cursory allegations against Commonwealth Defendants do not reflect that they acted with a sufficiently culpable state of mind to establish deliberate indifference; no well-pleaded factual allegations provide that they acted with the requisite "obduracy and wantonness" such that their actions or inactions were reckless or consciously disregarded a serious risk to plaintiff. As evidenced by Sipple's denial of Plaintiff's grievance, Sipple understood Plaintiff to be under the care of the medical professionals and the chronic care clinic. Where, as here, the DOC delegates to a private company the responsibility of conducting medical assessments and treatment of inmates,

---

[3] A prison official who fails to respond to an inmate complaint regarding medical treatment is not deliberately indifferent as a matter of law when the prisoner was under the care of a doctor. McCluskey v. Vincent, 505 Fed. Appx. 199, 203-04 (3d Cir. 2012) (citing Durmer, 991 F.2d at 69); Paluch v. Sec'y, Pa. Dept. of Corr., 442 Fed. Appx. 690, 695 (3d Cir. 2011).

corrections defendants do not have the requisite culpable state of mind and any Eighth Amendment claim against them cannot stand.

H.     **The Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims**

In his Complaint, Plaintiff alleges that Commonwealth Defendants are liable for medical malpractice and negligent infliction of emotional distress. The Complaint fails to state a claim over which the Court has original jurisdiction; therefore, the Court should decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction . . . [if the court] has dismissed all claims over which it has original jurisdiction"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013) (district court properly declined to exercise supplemental jurisdiction over plaintiff's state law claims after the court dismissed at summary judgment plaintiff's federal claims); see also Yue Yu v. McGrath, 597 F. App'x 62, 68 (3d Cir. 2014).

As argued above, the Complaint fails to state any claim under § 1983 against Commonwealth Defendants. Therefore, the Court should dismiss the claims and decline to exercise jurisdiction over the state law claims.

III.    **CONCLUSION**

For the foregoing reasons, Commonwealth Defendants request that the Complaint be dismissed as against them.

MICHELLE A. HENRY

                                        Acting Attorney General

                         By:    /s/ Jeffrey Mozdziock

Office of Attorney General                  JEFFREY MOZDZIOCK
The Phoenix                               Deputy Attorney General
1600 Arch Street                        Attorney I.D. No. 320543
Philadelphia, PA 19103
Phone: (215) 560-2404                  KAREN M. ROMANO
Fax:    (717) 772-4526                  Chief Deputy Attorney General
                                                            Civil Litigation Section

Date:  January 23, 2023

**CERTIFICATE OF SERVICE**

       I, Jeffrey Mozdziock, hereby certify that on January 23, 2023, this motion to dismiss was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System.   I also hereby certify that on January 23, 2023, a true and correct copy of the above-mentioned motion to dismiss was mailed, via First Class mail, postage prepaid, to the following:


SMART COMMUNICATIONS/PA DOC
JOSHUA ROY MOSES/QL-1703
SCI PHOENIX
PO BOX 33028
ST PETERSBURG, FL 33733

                                      BY:   /s/ Jeffrey Mozdziock
                                                   JEFFREY MOZDZIOCK