IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ROY MOSES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 22-3385 |
| JAMIE SORBER, et al., | : | |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' ANSWER**

Defendants Jamie Sorber, Mandy Sipple, Britney Huner, and the Pennsylvania Department of Corrections (collectively "Commonwealth Defendants"), by and through counsel, answer Plaintiff's Amended Complaint (ECF No. 38) as follows:

1.) The Court's Order and Memorandum are documents which speak for themselves, and any characterization thereof is denied.

2.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

3.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

4.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

5.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

6.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

7.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

8.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

9.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

10.) The request to staff member is a document which speaks for itself, and any characterization thereof is denied. Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the remaining allegations; therefore, they are denied.

11.) The request to staff member is a document which speaks for itself, and any characterization thereof is denied. Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the remaining allegations; therefore, they are denied.

12.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

13.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

14.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

15.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

16.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

17.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

18.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

19.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

20.) The final appeal decision is a document which speaks for itself, and any characterization thereof is denied.

21.) Denied. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

22.) Denied. The documents mentioned in this paragraph are documents which speak for themselves, and any characterization thereof is denied.

23.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

24.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

25.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

26.) The grievance final appeal is a document which speaks for itself, and any characterization thereof is denied.

27.) The grievance final appeal response is a document which speaks for itself, and any characterization thereof is denied.

28.) Admitted in part; denied in part. It is admitted that Plaintiff has been diagnosed with irritable bowel syndrome. Commonwealth Defendants do not have the knowledge sufficient to form a belief as to the truth of the remaining allegations; therefore, they are denied.

29.) Denied.

30.) Denied.

31.) Admitted in part; denied in part. It is admitted that Plaintiff submitted a request to Unit Manager Wright. The remaining allegations are denied.

32.) The Inmate Handbook a document which speaks for itself, and any characterization is denied. The remaining allegations constitute a conclusion of law to which no response is required. To the extent a response is required, it is denied.

33.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

34.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

35.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

36.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

37.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

38.) The final grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

39.) The request is a document which speaks for itself, and any characterization thereof is denied.

40.) The request is a document which speaks for itself, and any characterization thereof is denied.

41.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

42.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

43.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

44.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

45.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

46.) The final grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

47.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

48.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

49.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

50.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

51.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

52.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

53.) The final grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

54.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

55.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

56.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

57.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

58.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

59.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

60.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

61.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

62.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

63.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

64.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

65.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

66.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph; therefore, they are denied. The grievance is a document which speaks for itself, and any characterization thereof is denied.

67.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

68.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

69.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

70.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

71.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

72.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

73.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

74.) Denied.

75.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

76.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied. Moreover, the grievance is a document which speaks for itself, and any characterization thereof is denied.

77.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

78.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

79.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

80.) The allegations of this paragraph constitute statements of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

81.) The allegations of this paragraph constitute statements of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

82.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

83.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

84.) Commonwealth Defendants are without the knowledge sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

85.) The grievance is a document which speaks for itself, and any characterization thereof is denied.

86.) The grievance response is a document which speaks for itself, and any characterization thereof is denied.

87.) The grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

88.) The grievance appeal response is a document which speaks for itself, and any characterization thereof is denied.

89.) The final grievance appeal is a document which speaks for itself, and any characterization thereof is denied.

90.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

91.) Denied.

92.) The allegations of this paragraph constitute statements of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

93.) Denied.

94.) Admitted in part; denied in part. The first clause is admitted. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

95.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

96.) Denied. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

97.) Denied.

98.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

99.) Denied.

100.) Denied.

101.) Denied.

102.) Denied.

103.) No response is required.

104.) Admitted.

105.) Admitted.

106.) Denied.

107.) The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in nature, they are denied.

108.) Commonwealth Defendants do not have the knowledge sufficient to form a belief as to how Plaintiff construed official and individual capacity claims; therefore, that is denied. The remaining allegations are statements of law to which no responsive pleading is required.

109.) Denied.

110.) The allegations of this paragraph are vague. It is admitted that Plaintiff was provided medical care in SCI Phoenix. As the Commonwealth Defendants are not medical professionals, they did not directly provide medical treatment.

111.) Denied.

112.) Denied.

113.) Denied.

114.) Denied.

115.) Denied.

## **AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff is making a medical malpractice claim, the claim is barred for failing to file a Certificate of Merit.

2. Plaintiff's accommodation request is unduly burdensome.

3. Covering Plaintiff's cell window would be a direct threat to the safety of officers and other inmates.

4. Accommodating Plaintiff's requests would create an undue hardship on the Department of Corrections.

5. Plaintiff has failed to exhaust his administrative remedies of his ADA claim.

6. Plaintiff has failed to exhaust his administrative remedies as to his claims against Sorber and Sipple.

        MICHELLE A. HENRY
        Acting Attorney General

By: /s/ Jeffrey Mozdziock

        JEFFREY MOZDZIOCK
Office of Attorney General     Deputy Attorney General
The Phoenix     Attorney I.D. No. 320543
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404     KAREN M. ROMANO
Fax:    (717) 772-4526     Chief Deputy Attorney General
    Civil Litigation Section

Date:  August 25, 2023

**CERTIFICATE OF SERVICE**

      I, Jeffrey Mozdziock, hereby certify that on August 25, 2023, this answer was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I also hereby certify that on August 25, 2023, a true and correct copy of the above-mentioned motion to dismiss was mailed, via First Class mail, postage prepaid, to the following:

SMART COMMUNICATIONS/PA DOC
JOSHUA ROY MOSES/QL-1703
SCI PHOENIX
PO BOX 33028
ST PETERSBURG, FL 33733

                        BY:   /s/ Jeffrey Mozdziock
                                 JEFFREY MOZDZIOCK