IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSHUA ROY MOSES,
PLAINTIFF.


-VS-                          CIVIL ACTION NO.
                              22-CV-3385-MMB


JAMIE SORBER, et.al,
DEFENDANTS.


MOTION FOR A TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY INJUNCTION

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the supporting declaration of the Plaintiff and the accompanying memorandum of law it is ORDERED that Defendants, Brittney Huner, and Mandy Sipple, show cause in room_____ of the United States Courthouse, 601 Market Street, Philadelphia, Pa. 19106, on the _____ Day of 2023, at _____ O'Clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P., enjoining the said Defendants, their successors in office, agents, and employees, and all other persons acting in concern and participation with them, to provide a medically appropriate course of treatment, specialist consultations and follow-ups, reasonable accommodations under the Americans with Disability Act (ADA), a medically necessary diet, and medical transfer to Plaintiff to maintain his quality of life, and to provide adequate medical care.

IT IS FURTHER ORDERED, that effective immediately, and pending the Hearing, and determination of his matter, Defendants Huner, Letizio, and Sipple, shall arrange for the Plaintiff, to be examined by a qualified specialist (Gastroennterologist) and obtain from that specialist an evaluation of the condition of Plaintiff's GERD, Short Bowel

Syndrome, and Irritable Bowel Syndrome, and a Prescription for a course of treatment that will help restore and maintain some of Plaintiff's severe digestive and bowel function.

IT IS FURTHER ORDERED, that this Order to Show Cause, and all other papers attached to this Application, shall be served on Defendants, Huner, and Sipple by _____ 2023, and the United States Marshals Service is Hereby directed to effectuate such service.

Date; This _____ Day of _____, 2023

_____
United states District Judge

3.

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Joshua Roy Moses States:

1. I am the plaintiff in this case. I make this declaration in support of my Motion For A Temporary Restraining Order, and a Preliminary Injunction to ensure that I receive necessary Medical Care, and Reasonable Accommodations.

2. As set forth in the Complaints, I have serious Medical Issues, staff has failed to provide proper care, including delays in providing access to a Doctor, and denying access to qualified specialists. Staff failed to adapt to my medical needs, and deviated from the medical recommendations of outside Doctors. Staff continue to mistreat me, and retaliate. As a result, Defendants have violated my Constitutional Rights.

3. I reported to the Infirmary on 6/5/23, based on PA/DOC Gastroenterologist Dr. Gerst 2/7/23 Order, for Upper and Lower Endoscopies, to rule out IBS (Which I've already been diagnosed with) and Crohns Disease. I was escorted to a holding cell by Officers, Mays and Ross, with 3 other inmates scheduled for the same bowel prep procedures, there was one toilet, and no shower in this room. I informed Officer Mays of

1.

my ADA Z Code, Single Cell Status, and my Short Bowel
Condition. Mays stated my ADA Z-Code Status don't mean shit in
the Infirmary, despite the fact that Isolation cells were
available. Mays further stated to me, that security, not
Medical Staff controls the cell moves. I immediately requested
to speak to a Shift Commander, or Lieutenant to remedy this
issue. Officer Mays then gave me a Direct Order to return back
to my housing unit, claiming that I refused the Appointment
I've been waiting for since February 2022.

4. I returned to my Housing Unit, as Ordered, and filed
Grievance Number 1037617. (see Paragraph 72, of the Amended
Complaint) Defendant Huner provided a response to this
Grievance on 7/6/23, Well over the 15 Day time limit allowed
by the Administration Remedy Process, stating: as the Officers
indicated, inmates that have Z-Code are permitted to be housed
in an Infirmary Ward with other inmates. The sharing of a
toilet is permitted, nursing is also to accommodate providing
a Commode if a second toilet is necessary in the ward (see
Amended Complaint, Paragraph 73)

5. Contrary to Huner's Statement, no Policy was ever
provided for factual support of her claim, and Officer Mays
Ordered me back to my Housing Unit, when I asked to speak to a
Shift Commander, or Lieutenant to address this nonsense. I
never signed a refusal form, or refused.

2.

Under Title II of the ADA, a Plaintiff can assert a
failure to accommodate as an independent basis for liability
under the ADA. see MUHAMMAD v. COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, Pa. 483 F.App'x 759, 763 (3rd Cir. 2012);
see also 28 C.F.R. §35.130(b)(7) (requiring public entity to
make reasonable modifications in policies, practices, or
procedures, when modifications are necessary to avoid
discrimination on the basis of disability). Defendant Huner's
response to Grievance Number 1037617, constitutes denial of
services and discrimination sufficient to satisfy the
reasonable modification requirement of the Title II inquiry.


6. In footnote 7, page 9 of 12 of this Courts 7/14/23
Order. The Court stated; It suffices to say that inadequate
bathroom access for an individual suffering from a condition
which results in frequent gastroenteric issues, such as
Diarrhea, would constitute a violation of "the basic concepts
of humanity and decency that are at the core of the
protections afforded by the Eighth Amendment". THOMAS v. TICE,
948 F.3d 133, 146, (3rd Cir. 2020) (Greenway, J. concurring in
part, dissenting in part); see also, YOUNG v. QUINLAN, 970
F.2d 351, 365, (3rd Cir. 1992) (Holding that denial of basic
sanitation can constitute cruel and unusual punishment in
violation of the Eighth Amendment); CLARK v. COUPE, 55 F.4th
167, 183 (3rd Cir. 2022) (Observing that conditions of

3.

confinement that are Foul, Inhuman, or totally without penological justification, violate the Constitution) (Internal quotation marks and citations omitted).

7. Contrary to Dr. Geret's direction, I have not been provided with a course of treatment despite my repeated requests, or provided with a consultation with a Physician qualified to assess and treat my condition, or a Medically necessary diet, and bathroom pass for adequate access to a toilet.

8. On information and belief, I have not been provided with any meaningful treatment because WELLPATH has established a policy and practice which does not permit inmates to automatically receive the medical care which is prescribed and/or Ordered by Medical providers. Instead, inmates may only receive Medical Consultations and/or treatment outside the Prison, which has been first requested and then approved by the Regional Medical director, in a process known as "Collegial review" which is a system to ensure that WELLPATH controls the number of Medical consultations and Medical care outside this Prison facility, for which it is required to bear the cost.

9. WELLPATH established a practice of permitting inmates, with knownserious Medical conditions, to linger for

4.

months without any effort to expedite the required next step of care. This is especially true in regard to my case, because I've been waiting for follow-up and consultations with specialist since February 2022.

10. WELLPATH does not require it's Staff or Medical providers to timely follow-Up with patients, to ensure that known serious Medical conditions are being treated as Ordered, and grants it's Staff carte blanche to delay care without fear of negative employment consequences.

11. As a result of these practices, WELLPATH routinely delays care of inmates within the Department of Corrections, for months, without any Medical justification for the delay.

12. Questions of motive and intent, policy and custom are integral to the resolution of my Eighth Amendment claims, to include corporate culpability claims.

13. I have small bowel adhesions, an extremely painful condition caused by scar tissue in the abdomen, the result of my many prior surgeries. This scar tissue often squeeze my nerves and cause bowel obstructions, this painful condition is very serious as it could lead to perforations in the GI Tract. The treatment for adhesions is known as "Lysis" it involves a surgical procedure through which a surgeon burns away the

5.

problematic scar tissue.

14. Because of the invasiveness and risks of exploratory surgery and "Lysis", the standard of Medical care applicable to a GI specialist requires that the clinician first attempt to rule out other conditions as a source of my severe pain and other symptomology. This can be done through upper and lower endoscopies, which look at the lumen of the colon. Endoscopies allow the GI specialist to determine whether conditions such as Colon Cancer, Colitis, Gastric Cancer, Esophageal or Gastric Ulcers are the source of the patient's pain and discomfort.

15. Complimentary and more detailed tests like CT Scan's, MRI's, X-RAYS, and Ultrasounds, which look outside the lumen of the colon, are routinely used by GI Specialists to determine whether the patient has very painful and even life threatening conditions like Cancers of the Liver and Pancreas, Fistulas (which I've developed 3 of in the past) Abdominal Abscesses, and Bowel Obstructions (Which I've been rushed to the E.R. offsite Several times) In multiple different Prisons, and Jurisdictions.

16. I am suffering irreparable harm in the form of continued physical and mental pain, and suffering an increasing risk that my stomach condition will never be

6.

restored to it's full usefulness in this Prison.

17. Defendant Huner is the Healthcare Administrator, at SCI PHOENIX, and is responsible for scheduling Medical appointments outside the Prison when a Prisoner needs specialized treatment or evaluation.

18. Defendant Sipple, is the Deputy Superintendent for Administration at SCI Phoenix and is in charge of transportation of Prisoners to Medical appointments.

19. Together, these Defendants have the responsibility for providing the Plaintiff the necessary care required as well as the ability to arrange it.

20. For the reasons set forth in the Memorandum of Law, filed with this Motion, Plaintiff is entitled to a Temporary Restraining Order requiring the Defendants to arrange for an examination and plan of treatment by a qualified specialist, and to a preliminary injunction requiring the Defendants to carry out that plan of treatment.

For the foregoing reasons, the Court should Grant the Plaintiff's Motion in all respects.

Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury that the foregoing is true and correct.
Dated this 21st Day of September, 2023
Josua Roy Moses
Inmate # QL-1703
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa. 19426

*Joshua Roy Moses*

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## STATEMENT OF THE CASE

This is a Civil Rights Action brought under 42 U.S.C. §1983 by a State Prisoner whose Eighth Amendment and American with Disabilities Act (ADA) Rights have been Violated by Prison Staff and who is presently being denied appropriate medical care, treatment, and diet. The Plaintiff seeks a temporary restraining Order and a preliminary injunction to ensure that he received proper medical care.

## STATEMENT OF FACTS

As stated in the complaints and declaration submitted with this Motion, the Plaintiff was hospitalized for bowel obstructions. The emergency Room Physicians who treated him directed that he be taken to Temple University Hospital within 3-5 Days. The Defendants did not comply with this Order, and Plaintiff was again rushed to the E.R. 3 weeks later, wherein he was admitted for bowel obstruction for a week. The Defendants did not provide Plaintiff with a follow-up as directed by Temple Physicians upon discharge.

Plaintiff continued to deteriorate and suffer, and was finally seen Via TeleMed Video by PA/DOC Gastroenterologist Dr. Gerst on 11/22/2022 and 2/7/2023, and She Ordered upper and lower endoscopies. Again, the Defendants did not provide

1.

Plaintiff with a consultation with a Physician qualified to assess or treat his condition. The Plaintiff is experiencing extreme pain, inability to digest the diet provided, vomiting and blood in his stool, a diminished capacity and quality of life.

ARGUMENT
POINT 1

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining Order, or a preliminary injunction, Courts generally consider several factors; Whether the party will suffer irreparable injury, the "Balance of Hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the Grant of this Motion.

A. THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM

The Plaintiff alleges that he has been denied care for a serious medical need contrary to a physicians instruction. Such conduct by Prison Officials is a clear violation of the Eighth Amendment, ESTELLE v. GAMBLE, 429 U.S. 97, 105 S.Ct. 285 (1976) (Noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference); As a matter of law, the continuing deprivation

2.

of Constitutional Rights, constitutes irreparable harm. ELROD
v. BURNS, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This
principle has been applied in Prison litigation generally, and
specifically in medical care cases.

In addition, the Plaintiff is threatened with
irreparable harm, because of the nature of his injuries,
severe Stomach and Digestive Issues, with loss of function and
motility. If he does not receive proper treatment, at the
proper times, he may develop Barretts Esophagus or other
extremely severe issues from his condition and stomach cancer,
or life threatening bowel obstructions.

B. THE BALANCE OF HARDSHIP FAVORS THE PLAINTIFF

In deciding whether to Grant TRO's and preliminary
injunctions, Courts ask whether the suffering of the moving
party if the Motion is denied will outweigh the suffering of
the non-moving party if the Motion is Granted. The Prisoners
interest in safety, and medical care outweighs States interest
in saving money by cutting Staff.

In PEMBAUR v. CITY OF CINCINNATI, 475 U.S. 467, 481,
106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Supreme Court
observed; "It is plain that institutional Civil liability may be
imposed for a single decision by policymakers under

3.

appropriate circumstances". PEMBAUR, 475 U.S. at 480. In this

setting institutional liability attaches whenever the

decisionmaker possesses final authority to establish policy

with respect to the action Ordered, PEMBAUR, 475 U.S. at 481

"Accordingly, proof that an agency's authorized decisionmaker

has intentionally deprived a Plaintiff of a Federally

protected right necessarily establishes that the agency acted

culpably. Similarily, the conclusion that the action taken or

directed by the authorized decisionmaker itself violates

Federal law will also determine that the (agency) action was

the moving force behind the injury of which the Plaintiff

complains. see BOARD OF THE CITY COMMISSIONER'S OF BRYAN

COUNTY, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626

(1997).


    Again, a single act by an agency  head can in proper

circumstances define agency policy or custom and establish

institutional Civil Rights liability. see also, ANDREWS v.

CITY OF PHILADELPHIA, 895 F.2d 1469, 1480 (3rd. Cir. 1990).


    In this case the present suffering of the Plaintiff and

his potential suffering if he permanently looses the normal

use of his stomach and esophagus are enormous.

The "Sufferings" the Defendants will experience if the Courts

Grants the Order will consist of taking the Plaintiff to a suitable Doctor and then carrying out the Doctor's Orders - Something that the Defendants do, and are obligated to do, for it's Prison population on a daily basis. The Defendants hardship amount to no more than business as usual.

### C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

The Plaintiff has a great likelihood of success on the merits. What Defendants have done "Intentionally interfering with (Medical) treatment once prescribed" - Was specifically singled out by the Supreme Court, as an example of Unconstitutional "Deliberate Indifference" to Prisoners needs. ESTELLE V. GAMBLE, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). Many other Courts have held that the failure to carry-out physician's Orders is Unconstitutional. see BERMAN V. U.S. 205 F.Supp.2d 362, 375 (M.D.Pa. 2002) ($178.294 under FTCA for failure to provide for Post-Ileostomy Care resulting in need for more surgery).

### D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

In this case, the Grant of relief will serve the public interest because it is always in the public interest for prison Officials to obey the law, especially the Constitution. Respect for law, particularly by Officials responsible for the administration of the State's Correctional System, is in

itself a matter of the highest public interest.


POINT II
THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY


Usually a litigant who obtains interim injunctive relief is asked to post security, Rule 65(c) Fed.R.Civ.P. However, the Plaintiff is an indigent Prisoner and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. ELLIOT V. KIESEWETTER, 98 F.3d 47, 60 (3rd Cir. 1996) (stating that District Courts have discretion to waive the bond requirement contained in Rule 65(c) of the federal Rules of Civil Procedure if "The balance of the equities weighs overwhelmingly in favor of the party seeking the injunction") In view of the serious medical danger confronting the Plaintiff, the Court should Grant the relief requested without the posting of security.


For the foregoing reasons, the Court should Grant the Motion in it's entirety.


Dated this _21st_ of September, 2023


                    Joshua Roy Moses
                    ID Number QL-1703
                       SCI PHOENIX
                    1200 Mokychic Drive
                    Collegeville, Pa. 19426


*Joshua Roy Moses*

6.

Joshua Roy
ID. No. QL1703
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL



neopost       FIRST-CL
09/22/2023
US POSTAGE $002.6

ZIP 19426
041M12252211

U.S.M.S.
X-RAY

Clerk Of Court
James A. Byrne, U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106



RECEIVED
SEP 2 5 2023
BY:_____

